■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT WALKER, Appellant.—Judgment, Supreme Court, New York County (Jerome W. Marks, J., at hearing; Alvin Schlesinger, J., at trial), rendered May 7, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 15 years to life, unanimously affirmed.

Defendant's sole contention on appeal is that the statement he first made at the precinct, concerning his involvement in a robbery in the deceased's apartment, should have been suppressed because when Detective Hall asked him about certain inconsistencies in his previous responses, the noncustodial questioning became custodial, requiring *Miranda* warnings. We disagree, and find that the hearing court's conclusion that defendant was not in custody when he made the first statement is amply supported by the record. The test to be applied to determine whether defendant was in custody is whether a reasonable person in defendant's position, innocent of any crime, would have believed he was in custody *(People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, *cert denied* 400 US 851). Defendant, who was 16 years old, willingly accompanied the detectives to the precinct *(People v Winchell,* 64 NY2d 826). He was accompanied by an adult friend who remained outside the room where the questioning was conducted, and the door remained open at all times. Defendant was never physically restrained in any way

and had freedom of movement in the police station *(People v Rodney P.,* 21 NY2d 1; *People v Centano,* 153 AD2d 494, *affd* 76 NY2d 837). According to the detectives, defendant was not a suspect and was free to leave. Thus, far from being isolated, confined, or confronted by numerous imposing police officers *(People v Hall,* 125 AD2d 698), defendant found himself in a non-threatening environment, being questioned in an investigatory, rather than accusatory, manner, in which a reasonable person would not have believed himself to be in custody *(People v Bailey,* 140 AD2d 356, 358). When the detective questioning defendant pointed out that there were substantial inconsistencies in his narrative, all questioning ceased until the detective in charge of the investigation arrived and administered *Miranda* warnings to defendant. Since the first statements were clearly admissible, written and videotaped statements subsequent to the *Miranda* warning were admissible as well. Concur—Carro, J. P., Wallach, Asch, Smith and Rubin, JJ.