Oscar BORIA, Petitioner–Appellant,

v.

John KEANE, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.

No. 1332, Docket 95–2688.

United States Court of Appeals, Second Circuit.

Submitted May 17, 1996.

Decided July 17, 1996.

---

Before OAKES and PARKER, Circuit Judges, and KNAPP, District Judge.

PER CURIAM:

Oral argument[1] occurred in this case on March 29, 1996. The panel issued its decision on May 3, 1996. The panel concluded, and continues to hold, that Oscar Boria's lawyer failed to meet the minimal requirements of constitutional competency when he failed to give his client *any* advice as to the wisdom of accepting or rejecting the state's initial plea offer, which, if accepted, would have resulted in a sentence of one to three years. Lacking such counsel, Boria rejected the plea offer. Upon his rejection, the state re-charged Boria with a more serious crime. Boria was convicted at trial and sentenced to twenty years to life. Our initial opinion in this case, 83 F.3d 48, held (1) Boria was deprived of his constitutional right to effective counsel, and (2) under the circumstances of this case that deprivation resulted in prejudice to Boria.[2] *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The state has petitioned for rehearing. The state argues in its petition that the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132, (hereafter "the new statute") which was signed into law on April 24, 1996, applies to this case and that the new statute's changes in the law of habeas corpus warrant a different outcome. Sec-

tion 104 of the new statute states in relevant part that the writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The state argues in its petition that the state court proceedings did not violate a clear pronouncement of the United States Supreme Court, notwithstanding the portion of *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), which the initial opinion contains. Boria, pursuant to our order, submitted responsive briefing on the issue of the applicability of the new statute. We summarily reject the state's other arguments in its petition for rehearing.

In this case Boria suffered incompetent counsel prior to the passage of the new act. Furthermore, collaterally attacking his sentence was Boria's only means of vindicating his right to effective counsel. Assuming, without deciding, that the new statute would require a different outcome, application of the new statute to these circumstances would be retroactive. *See Landgraf v. USI Film Products,* 511 U.S. 244, ——, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994) ("the court must ask whether the new [statute] attaches new legal consequences to events completed before its enactment.").

Because application of the new statute to this case would be retroactive, the next step is to discern whether Congress intended the new statute to apply retroac-

---

1. The state's lawyer did not attend oral argument and did not inform the court of his intention not to attend oral argument.

2. The initial opinion in this case did *not* hold that it is constitutionally ineffective assistance of counsel when a lawyer's advice regarding the wisdom of accepting or rejecting a plea offer fails to convince the client. We held only that the

absence of any advice constitutes ineffective assistance of counsel, and that under the circumstances of this case (where, the lawyer believed that rejecting the plea was suicidal, and there was a vast disparity between the sentence to be served upon rejection of the plea offer and subsequent conviction) the absence of the advice prejudiced the client.

tively. This inquiry is guided by the presumption, "deeply rooted in our jurisprudence," that absent some clear signal from Congress, a statute will not apply retroactively. *Id.* at ——, ——, 114 S.Ct. at 1497, 1501. Against this background, we look to the new statute to see if Congress has indicated an intent for it to apply to pending cases. While Congress has spoken clearly in some portions of the new statute with respect to the application of the statute to pending cases, *see, e.g.,* § 107(c) (applying amendments to death penalty habeas cases "to cases pending on or after the date of enactment of the Act"), § 211 (applying new provisions relating to restitution "to the extent constitutionally permissible, ... in cases in which the defendant is convicted on or after the date of enactment"), § 903(c) (relating to representation fees in criminal cases), in the context of non-capital habeas cases the statute's silence is striking. This silence, coupled with the presumption against retroactivity, leads us to hold that the new statute does not apply to this case.

Accordingly, we reaffirm the panel's previous holding in this case (with clarifications contained in this opinion, *see* footnote 2 above).