**John Lee GENTRY, Jr., Petitioner,**

v.

**David TRIPPETT, Respondent.**

No. 95 CV 40351 FL.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 27, 1997.

claims against the Defendants have already been dismissed on other grounds, the Court fails to reach this issue.

Arthur J. Tarnow, Detroit, MI, for John Lee Gentry, Jr.

Brad H. Beaver and K. Davison Hunter, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for David Trippett.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Petitioner, an inmate incarcerated at the Thumb Correctional Facility, filed an application for a writ of habeas corpus alleging that several trial errors led to an unconstitutional conviction and sentence, resulting in his illegal detention. Petitioner was tried by a jury and convicted of first degree murder on March 15, 1983. He was sentenced to life in prison on April 20, 1983. Petitioner appealed to the Michigan Court of Appeals and his conviction was affirmed. *People v. Gentry,* Michigan Court of Appeals No. 71032 (April 3, 1985). He then sought leave to appeal to the Michigan Supreme Court and that court denied leave on October 28, 1985. *People v. Gentry,* 423 Mich. 854 (1985) Thereafter, petitioner filed a petition for a writ of habeas corpus in this court, raising only the issue of whether he was denied his Fifth and Fourteenth Amendment rights when the prosecutor commented upon his silence. On July 23, 1986, the Honorable Stewart Newblatt denied the petition in a memorandum opinion and order. *Gentry v. Foltz,* Case No. 86 CV 40099 FL. The Sixth Circuit Court of Appeals affirmed Judge Newblatt on July 7, 1987 in *Gentry v. Foltz,* 815 F.2d 77 (6th Cir.1987), and a petition for a writ of certiorari to the United States Supreme Court was denied on October 8, 1987. *Gentry v. Foltz,* 484 U.S. 866, 108 S.Ct. 189, 98 L.Ed.2d 141 (1987).

Petitioner, represented by his current counsel, then filed a motion for relief from judgment in the state trial court, raising the identical issues which he raises in the instant petition. The trial court denied the motion on October 17, 1994, finding petitioner's claims to be procedurally barred, and noting that there appeared to be no good cause for the eleven year delay in defendant's collateral attack. The Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Gentry,* Michigan Court of Appeals No. 180217, (January 24, 1995). The Michigan Supreme Court denied leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Gentry,* Michigan Supreme Court No. 102165, 450 Mich. 859, 538 N.W.2d 682 (August 28, 1995).

This is thus petitioner's second application for a writ of habeas corpus and respondent argues that by filing this second application, petitioner has abused the writ. Petitioner, through his counsel, alleges the following grounds for relief:

I. The conduct by the trial court denied Mr. Gentry a fair trial as guaranteed by the state and federal constitutions in the following ways:

   A. The trial court forcing Mr. Gentry to testify prior to other defense witnesses;

   B. The trial court's refusal to allow the prior record of the deceased to be introduced into evidence to show his dangerousness, where self defense was raised, and the trial court used the wrong standard in exercising discretion;

   C. The trial court, over objection, telling the jury that Mr. Gentry asked for four possible verdicts;

   D. The trial court emphasizing, by asking a question that Mr. Gentry was not paying child support;

   E. The trial court's instruction on duty to retreat when within a person's own curtilage was inadequate to inform the jury of the nature of Mr. Gentry's defense.

II. Mr. Gentry was denied a fair trial and due process of law by the prosecutor implying through his questioning that Mr. Gentry was a pimp, which was reinforced by the trial court's question emphasizing that the mother of Mr. Gentry's child was on ADC.

III. Mr Gentry was denied the effective assistance of counsel as required by the state and federal constitutions in the following ways:

   A. The failure to object to some of the conduct of the prosecutor;

   B. The failure to object to the court's failure to properly instruct on the definition of curtilage;

   C. Telling the court, in front of the jury, that a defense witness could not come, because she had to take care of food stamps or something.

IV. The failure of former appellate counsel to raise the issues raised herein denied Mr. Gentry his state and federal constitutional right to appeal and was cause for Mr. Gentry's failure to raise these issues in his appeal As of right and resulted in prejudice to Mr. Gentry.

■ As a threshold matter, the Court must decide whether this petition is subject to the **Anti–Terrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214,** which amended the Rules Governing Section 2254 Cases in United States District Court to mandate that before filing second or successive petitions for habeas relief in federal district court, petitioners must first seek permission from the court of appeals. Respondent did not raise this ground for dismissal in his responsive pleading. However because this matter goes to jurisdiction, the Court may *sua sponte* consider and decide this threshold matter before addressing the merits of the petition.

## I. Application of the Anti–Terrorism and Effective Death Penalty Act

The **Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214** (AEDPA) was signed into law by President Clinton on April 24, 1996. The Court must decide whether § 2244(b)(3)(A) of the act should be applied to petitions filed before April 24, 1996.

As recently amended, 28 U.S.C. § 2244(b)(3) reads:

   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

   (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

■ Congress explicitly stated, in § 107(c) of the AEDPA, that the new procedures for habeas corpus petitions in **capital cases** "shall apply to cases pending on or after the date of enactment of this Act." Congress did not, however, place similar language in the provisions of the AEDPA which pertain to **non-capital** cases, leading the Court to conclude that Congress did not intend for § 2244(b)(3)(A) to apply to pending non-capital habeas cases. Moreover, there exists a strong presumption against retroactive application of a civil statute to conduct arising before the enactment of the statute "absent clear congressional intent favoring such a result". *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

The presumption against retroactivity, coupled with congressional silence on the retroactivity of AEDPA provisions pertaining to non-capital cases, was the basis for the Second Circuit's recent decision holding that the AEDPA does not apply to cases pending on April 24, 1996. *Boria v. Keane,* 90 F.3d 36 (2nd Cir.1996) *petition for cert. filed,* (U.S. October 11, 1996)(No. 96–628) held:

... This inquiry is guided by the presumption, 'deeply rooted in our jurisprudence,' 'that absent some clear signal from Congress, a statute will not apply retroactively. Against this background, we look to the new statute to see if Congress has indicated an intent for it to apply to pending cases. While Congress has spoken clearly in some portions of the new statute with respect to the application of the statute to pending cases, ... **in the context of non-capital habeas cases, the statute's silence is striking. This silence, coupled with the presumption against retroactivity, leads us to hold that the new statute does not apply to this case.**

*Boria,* 90 F.3d at 38. (Emphasis added).

Other circuits have also declined to apply the AEDPA to habeas petitions filed before April 24, 1996. *Burris v. Parke,* 95 F.3d 465, 468 (7th Cir.1996), an en banc decision interpreting § 2244(b)(2) of the act, asked "[but is the new law applicable to proceedings commenced before, or arising out of events occurring before, its enactment?" and replied that "[t]he general answer ... is 'no'." The Ninth Circuit has also held that the AEDPA does not apply to non-capital second or successive habeas corpus petitions filed before the act became law, although it assumed so without discussion. *Williams v. Calderon,* 83 F.3d 281 (9th Cir.1996) ("The two claims Williams filed in the district court on April 22, 1996 were filed before the Act was signed into law. As to these claims, therefore, § 2244(b)(3)(A) would not apply to Williams's case, and no advance approval of this court would be required to authorize the filing of that petition.")) In accord is the Third Circuit, which stated:

... we need not digress to determine the effect of these provisions on this pending action, filed, as it was, before the amendments were enacted.... Section 106 also provides that a second petition must first be presented to the Court of Appeals before it may be filed in district court. The present petition had been filed before that amendment to § 2254 was enacted, and consequently, it does not apply here.

*Burkett v. Love,* 89 F.3d 135, 138 (3rd Cir. 1996). *See also Huynh v. King,* 95 F.3d 1052, 1055 n. 2 (11th Cir.1996)(declining to apply amended § 2254 to a petition filed before the AEDPA became effective); *Edens v. Hannigan,* 87 F.3d 1109, 1112 n. 1 (10th Cir.1996)(concluding that the AEDPA did not apply to Edens' appeal which was filed in 1994); *Satcher v. Netherland,* 944 F.Supp. 1222, 1245–1249 (E.D.Va.1996) (concluding that the AEDPA's general habeas reforms were not applicable to Satcher's petition, which was pending when the AEDPA was enacted); *Johnston v. Love,* 940 F.Supp. 738 (E.D.Pa.1996)(finding that the AEDPA was not intended to apply retroactively); *Ashmus v. Calderon,* 935 F.Supp. 1048, 1061 (N.D.Cal.1996)(concluding that § 104 of the AEDPA does not apply retroactively; *Cockrum v. Johnson,* 934 F.Supp. 1417, 1422–24 (E.D.Tex.1996))(finding that the amendments

to 28 U.S.C. § 2254 did not apply to Cockrum's case, which was filed in 1993, but acknowledging uncertainty and analyzing the petition under the AEDPA and under pre-AEDPA law); *Wilkins v. Bowersox,* 933 F.Supp. 1496, 1505–06 (W.D.Mo.1996)(concluding that Congress intended the amendments to 28 U.S.C. § 2254 to apply prospectively); *Grady v. Artuz,* 931 F.Supp. 1048, 1054 n. 1 (S.D.N.Y.1996)(concluding that the AEDPA "is not retroactive apart from certain provisions involving capital cases where retroactivity is explicitly provided") and *Warner v. United States,* 926 F.Supp. 1387, 1390 n. 4 (E.D.Ark.1996)(concluding that the court need not consider the effect, if any, of amendments to 28 U.S.C. § 2255 because the defendant filed his motion to vacate before the AEDPA was enacted).

The Court is aware that a few jurisdictions have reached a contrary result. See *Lindh v. Murphy,* 96 F.3d 856, 867 (7th Cir.1996) *cert. granted,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997)(concluding that the amendments to 28 U.S.C. § 2254 apply retrospectively); *Reyes v. Keane,* 90 F.3d 676, 679–680 (2nd Cir.1996)(concluding that the provision regarding certificates of appealability applies to a habeas corpus petition filed before the AEDPA's effective date) and *Leavitt v. Arave,* 927 F.Supp. 394 (D.Idaho 1996)(applying the AEDPA to a habeas petition pending since January 22, 1993). However, the Court does not find that authority persuasive. To date, the United States Court of Appeals for the Sixth Circuit has not addressed the applicability of the AEDPA to habeas petitions filed before the act became law.

█ New procedural rules governing civil cases often may be applied in lawsuits arising before their enactment without raising concerns about retroactivity. *Landgraf v. USI Film Products,* 511 U.S. 244, 275, 114 S.Ct. 1483, 1502, 128 L.Ed.2d 229 (1994); *Forest v. United States Postal Service,* 97 F.3d 137, 140 (6th Cir.1996). Nevertheless, "the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime...." *Landgraf,* 511 U.S. at 275 n. 29, 114 S.Ct. at 1502 n. 29. The applicability of new procedural rules "ordinarily depends on the posture of the particular case." *Id.*

Petitioner filed the instant habeas corpus petition on September 21, 1995. He properly filed his pleading "under the old regime" when appellate authorization to file a second or successive habeas corpus petition was unnecessary. To require him to seek appellate authorization to file his pleading in this Court would "impose new duties with respect to transactions already completed." *Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505. The presumption against retroactive application of a statute teaches that the AEDPA does not govern the pending action. The Court thus concludes that the AEDPA is not applicable to this case. Accordingly, the Court will not require petitioner to apply to the court of appeals for authorization to proceed with his second habeas petition. The Court also will not apply other provisions of the AEDPA to petitioner's claims.

Because the Court concludes that the AEDPA is not applicable to this matter, the petition must be analyzed according to the pre-AEDPA rules.

## II. The Abuse of the Writ Doctrine

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District courts states:

(b) Successive Petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

In *McCleskey v. Zant,* 499 U.S. 467, 493–495, 111 S.Ct. 1454, 1469–1471, 113 L.Ed.2d 517 (1991), the Supreme Court established the requirements for establishing an abuse of the writ under Rule 9(b) where the petitioner raises new claims in a second or successive petition:

When a prisoner files a second or subsequent application, the government bears the burden of proving abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioners. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. . . . If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey,* 499 U.S. at 494–495, 111 S.Ct. at 1470.

Here, the government has met its burden by stating with clarity in its response to the petition the claims that appear for the first time and an allegation that petitioner has abused the writ. Petitioner therefore now must disprove abuse by showing cause for failing to raise the claims in his first habeas petition and prejudice therefrom. If a petitioner fails to demonstrate cause for failing to raise the claims in a first petition, the court need not consider whether he would be prejudiced by that failure. *Id.* at 502, 111 S.Ct. at 1474–1475. The Court now applies these principles to the instant case.

## III. Petitioner Has Not Demonstrated Cause

█ Petitioner admits that he has not raised several issues presented here in any prior proceeding, including in his first petition for habeas relief, but he argues that the Court should address his assignments of error because his failure to raise them until now was due to his lack of knowledge of the claims and to the ineffective assistance of his trial counsel.

█ A claim of ineffective assistance of counsel in a state or federal post-conviction proceeding can never establish cause because there is no constitutional right to counsel in post-conviction proceedings. 28 U.S.C. § 2254(i); *Ritchie v. Eberhart,* 11 F.3d 587, 590–592 (6th Cir.1993) (plurality). A defendant is entitled to effective assistance of counsel only on his first appeal as a matter of right. *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985).

" A petitioner cannot claim constitutionally ineffective assistance of counsel, the Coleman Court held, where the proceedings in which counsel was ineffective were not proceedings in which there was a constitutional right to counsel. . . . Mr. Ritchie had no constitutional right to effective assistance of counsel in the preparation of his original federal petition."

*Ritchie,* 11 F.3d at 592. Accordingly, petitioner's claim that he failed to raise claims in his first habeas petition due to ineffective assistance of counsel is without merit. Nor can petitioner use ineffective assistance of his trial counsel as cause for his failure to raise his claims in his first habeas petition. "Ineffective assistance of trial counsel does not excuse [petitioner's] own failure to raise all of his claims in a petition for post-conviction relief." *Hannah v. Conley,* 49 F.3d 1193 (6th Cir.1995); *Ewing v. McMackin,* 799 F.2d 1143, 1151 (6th Cir.1986) See also *Blair v. Armontrout,* 976 F.2d 1130, 1139 (8th cir. 1992) *cert denied,* 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993)("Blair may not establish 'cause' based on ineffective assistance of counsel in a federal habeas case."); *United States v. MacDonald,* 966 F.2d 854, 859 n. 9 (4th Cir.1992) *cert denied,* 506 U.S. 1002, 113 S.Ct. 606, 121 L.Ed.2d 542 (1992)("attorney error in an initial habeas proceeding cannot serve as cause to review subsequent petitions."); *Harris v. Vasquez,* 949 F.2d 1497, 1513–1514 (9th Cir.1991) *cert denied,* 503 U.S. 910, 112 S.Ct. 1275, 117 L.Ed.2d 501 (1992)("Because Harris has no constitutional right to counsel in his earlier habeas proceedings . . . no error by his habeas counsel could constitute . . . cause under the standard expressed in McCleskey.")

█ Petitioner next asserts that his lack of knowledge of his claims constitutes cause. This argument is also without merit. Petitioner's *pro se* status and ignorance of his rights do not constitute cause. *Hannah v.*

*Conley,* 49 F.3d at 1197(citing *Ewing,* 799 F.2d at 1151). In addition, any deficiencies in reading and writing skills do not constitute external factors that prevented petitioner from presenting his claims in a prior petition. *Steele v. Young,* 11 F.3d 1518, 1522 (10th Cir.1993). Neither excuse petitioner asserts in support of his claim that he has cause for not raising the instant claims in his prior petition—ineffective assistance of counsel and lack of knowledge—has merit. Petitioner has failed to establish cause for not asserting the instant claims in his prior petition and has therefore abused the writ by filing a second petition raising new claims. Given Petitioner's lack of cause, the Court need not address whether he can show prejudice therefrom. *McCleskey,* 499 U.S. at 502, 111 S.Ct. at 1474–1475.

### IV. No Fundamental Miscarriage of Justice Will Result From a Failure to Entertain Petitioner's Claims

 "If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant,* 499 U.S. at 494–495, 111 S.Ct. at 1470. The inquiry is a narrow one. *Id.* To establish a fundamental miscarriage of justice, petitioner must "point to a constitutional violation that probably resulted in the conviction of one who was actually innocent." *Ritchie v. Eberhart,* 11 F.3d at 593.

A review of the trial transcript, however, does not convince the Court that Mr. Gentry is one who is actually innocent. Mr. Gentry, after the deceased and Ms. Wright left his apartment, got his gun from a bedroom closet, loaded the gun, left his apartment on the third floor and went down three flights of stairs, where he found the deceased and Ms. Wright in a car several feet from the entrance to the apartment building. He then confronted the deceased and asked him if he had a problem. While Mr. Gentry testified that the deceased reached into the glove compartment and retrieved a gun, Ms. Wright testified that the deceased did not do so and that Mr. Gentry shot him from close range while the deceased sat in the car unarmed. No other testimony corroborated Mr. Gentry's assertion that the deceased had a gun and that he had to shoot him in self-defense. The jury apparently believed Ms. Wright and did not believe petitioner. Moreover, as the prosecutor argued to the jury, Mr. Gentry had only to remain in his apartment to avoid this tragedy altogether.

The transcript demonstrates overwhelming evidence of Mr. Gentry's guilt and the Court is therefore not convinced that Mr. Gentry is actually innocent and should therefore be excused for failing to raise his claims in his prior habeas petition. Accordingly, **THE PETITION IS DISMISSED FOR ABUSE OF THE WRIT.**

**IT IS SO ORDERED.**