**Vincent WALKER, Petitioner,**

v.

**David MILLER, Respondent.**

**No. 96 Civil 3429 (LMM) (AJP).**

United States District Court,
S.D. New York.

March 24, 1997.

Vincent Walker, Eastern NY Correctional Facility, Napanoch, NY, pro se.

Sheryl Feldman, Asst. Dist. Atty., NY County, New York City, for Defendant.

### MEMORANDUM AND ORDER

McKENNA, District Judge.

Upon consideration of the Report and Recommendation of Magistrate Judge Peck dated March 11, 1997, and petitioner's Objection in Reply to Report [and] Recommendation dated March 17, 1997 (asking that the petition be dismissed without prejudice for failure to exhaust all state remedies), the mixed petition is dismissed, without prejudice.

SO ORDERED.

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge:

**To the Honorable Lawrence M. McKenna, United States District Judge:**

Petitioner Vincent Walker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that: (1) his waiver of the right to counsel during interrogation by the police was not voluntary (Petition, dated 3/14/96, at pp. 1–4); (2) he was not proven guilty beyond a reasonable doubt at trial (Petition at pp. 5–12); (e) he received ineffective assistance of counsel by reason of his counsel's failure to: (a) call and/or investigate witnesses; (b) move to prevent the assistant district attorney from trying the case because the ADA was a witness to the videotaped confession; (c) effectively cross-examine witnesses; (d) pursue a *Rosario* violation; (e) present the facts as to an affirmative defense; (f) object and request curative and additional jury instructions; and (g) file a notice of appeal (Petition, unnumbered pages after p. 12).

For the reasons set forth below, Walker's petition is a "mixed" petition containing both exhausted and unexhausted claims, and I therefore recommend that Walker's habeas petition be denied.

### PROCEDURAL BACKGROUND

#### Proceedings in State Court

On April 4, 1989, petitioner Walker was convicted of second degree murder in Supreme Court, New York County, and on May 7, 1990 was sentenced to fifteen years to life imprisonment. (Petition, ¶¶ 1–4.) *See People v. Walker,* 181 A.D.2d 636, 636, 582 N.Y.S.2d 108, 108 (1st Dep't 1992). The state at trial presented evidence that Walker and two accomplices robbed David Berquist, and that Walker was present when his accomplices stabbed and shot Berquist. (*See, e.g.,* Appendix to State Br. (hereafter, "App.") at A1–3, A15–18, A29.)

Walker appealed his conviction to the Appellate Division, First Department, on the sole ground that his pretrial statements should have been suppressed. *People v. Walker,* 181 A.D.2d at 636, 582 N.Y.S.2d at 108. (*See also* Petition ¶ 9; App. A5–37.) By decision dated March 31, 1992, the First Department unanimously affirmed Walker's conviction, holding that Walker was not in custody when he made his first statement and that his first and subsequent statements to the police were admissible. *People v. Walker,* 181 A.D.2d at 636–37, 582 N.Y.S.2d at 108–09. The Court of Appeals denied leave to appeal. *People v. Walker,* 79 N.Y.2d 1055, 584 N.Y.S.2d 1023, 596 N.E.2d 421 (1992).

Two years later, Walker moved to set aside his conviction pursuant to N.Y.C.P.L. § 440.10,[1] alleging that his trial counsel had rendered ineffective assistance. (App.A88–116.) Walker alleged that counsel did not adequately investigate the case or call his co-defendant Collozo to testify for him. (App. A91, A93–95, A103.) The bulk of his C.P.L. § 440.10 motion, including its "addendum," continued to challenge the voluntariness of his confession (and his attorney's alleged failure to adequately challenge the confession's validity) (*See generally* App. A88–133.) On May 7, 1995, Justice Schlesinger denied Walker's motion. (App.A141–45.) The state court found that defense "[c]ounsel's skillful cross-examination of police witnesses was

---

1. § 440.10 (1)(h) states in pertinent part:
    At any time after the entry of judgement, the court in which it was entered may, upon motion of the defendant, vacate such judgement upon the ground that: .... (h) The judgement was obtained in violation of right of the defendant under the Constitution of this state or of the United States.

precisely designed to raise issues" before the jury as to the truthfulness and voluntariness of Walker's statements to the police, and that defense "[c]ounsel had a trial strategy which was lucidly presented to the jury in summation." (App.A144.) The state court concluded that "there is no indication that counsel's representation was inadequate." (App. A145.) Walker's motion, pursuant to N.Y.C.P.L. § 460.15, for leave to appeal to the First Department was denied on September 21, 1995. (App.A146–60, A168.)

### Walker's Present Federal Habeas Petition

Walker's present habeas petition raises three grounds for habeas relief. First, Walker asserts that his waiver of his right to counsel during his interrogation by the police was not voluntary, knowing or intelligent, and therefore that his statements to the police should not have been admitted at trial. (Petition at pp. 1–4.) Second, Walker alleges that he was not proven guilty beyond a reasonable doubt at trial. (Petition at pp. 5–12.) Third, Walker alleges that he received ineffective assistance of counsel by reason of his counsel's failure to: (a) call and/or investigate witnesses; (b) move to prevent the assistant district attorney from prosecuting the case because the ADA was a witness to his videotaped confession; (c) effectively cross-examine witnesses; (d) pursue a *Rosario* violation; (e) present the facts as to an affirmative defense; (f) object and request a curative and additional jury instructions; and (g) file a notice of appeal. (Petition at pages after p. 12.)

### ANALYSIS

### WALKER'S HABEAS PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES AS TO MANY OF HIS CLAIMS

Because (as discussed below) Walker has failed to exhaust his state court remedies with respect to most of the grounds of his federal habeas petition, I recommend that the Court dismiss his entire habeas petition without prejudice.

**A. *Prior to the Antiterrorism and Effective Death Penalty Act, the Court Was Required to Dismiss "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims***

This section discusses the law as to "mixed" petitions in effect prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[2] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held:

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[3] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455

---

2. Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the court of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

3. *Accord, e.g., Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 124 (2d Cir.1995); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988); *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984).

U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[4]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy.* ..." *Levine v. Commissioner of Correctional Services,* 44 F.3d 121, 125 (2d Cir. 1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 1112, 137 L.Ed.2d 313 (1997); *accord, e.g., Boyd v. Hawk,* 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996); *Ehinger v. Miller,* 928 F.Supp. 291, 293 (S.D.N.Y.1996).

The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts. ....
Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim.

*Klein v. Harris,* 667 F.2d 274, 282 (2d Cir. 1981) (citing cases) *accord, e.g., Boyd v. Hawk,* 1996 WL 406680 at *3; *Ehinger v. Miller,* 928 F.Supp. at 293.

The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. *e.g., Daye v. Attorney General of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). The Second Circuit has held that a federal habeas petitioner must have put the state appellate court "on notice" that a feder-

al constitutional claim is at issue. *e.g., Grady v. LeFevre,* 846 F.2d 862, 864 (2d Cir.1988); *Petrucelli v. Coombe,* 735 F.2d 684, 688–89 (2d Cir.1984). Both *Grady* and *Petrucelli* quote the test used in *Daye* for determining what constitutes adequate notice. *Grady v. LeFevre,* 846 F.2d at 864; *Petrucelli v. Coombe,* 735 F.2d at 688. In *Daye,* the Second Circuit *en banc* stated:

[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney General,* 696 F.2d at 194; *accord, e.g., Boyd v. Hawk,* 1996 WL 406680 at *3.

**B.  *Effect of the AEDPA***

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act into law. Pub.L. No. 104–132, 110 Stat. 1214 (1996). The Act significantly modified § 2254 for non-death penalty cases. Among other changes, for petitions filed after April 24, 1996, the Act permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; .

(2) An application for a writ of habeas corpus may be denied notwithstanding the

---

4.  However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)-(2), as amended.

Petitioner Walker's petition here was filed in March 1996, before the April 24, 1996 enactment of the AEDPA. The Second Circuit has noted that "[w]hile Congress has spoken clearly in some portions of the new statute with respect to the application of the statute to pending cases, ... in the context of non-capital cases the statutes' silence is striking." *Boria v. Keane,* 90 F.3d 36, 38 (2d Cir.1996). The Second Circuit in *Boria,* therefore, declined to apply the AEDPA—or at least § 2254(d)—retroactively. *Id.*

Several district court decisions in this Circuit have followed *Boria* in declining to apply the AEDPA's provisions retroactively. *See, e.g., Thye v. United States,* 96 F.3d 635, 636 (2d Cir.1996) (new certificate of appeal requirement not applicable retroactively to fully briefed appeals); *Chamberlain v. Mantello,* 954 F.Supp. 499, 506–07 (N.D.N.Y.1997) (§ 2254(e)(2) not retroactive); *Dey v. Scully,* 952 F.Supp. 957, 964 n. 7 (E.D.N.Y.1997) (§ 2254 generally); *Tineo v. United States,* 95 Civ. 10768, 93 Civ. 3564 & 89 Cr. 1017, 1996 WL 734896 at *3 n. 4 (S.D.N.Y. Dec.24, 1996) (§ 2255); *Romero v. Senkowski,* 950 F.Supp. 573, 577 (S.D.N.Y.1996) (§ 2244(b)); *Kelly v. Keane,* 96 Civ. 1742, 1996 WL 640892 at *1–2 & n. 1 (S.D.N.Y. Nov.4, 1996) (§ 2244(b) and § 2254(b)(2)); *Espada v. Smith,* 96 Civ. 4390, 1996 WL 571508 at *1 (S.D.N.Y. Oct.4, 1996) (§ 2254(d)); *Amaker v. Lacy,* 941 F.Supp. 1340, 1343 n. 2 (E.D.N.Y.1996) (one year limitation period in § 2244(d)); *Kowalczyk v. United States,* 936 F.Supp. 1127, 1132 n. 1 (E.D.N.Y.1996) (§ 2255); *Grady v. Artuz,* 931 F.Supp. 1048, 1054 (S.D.N.Y.1996) (§ 2254 generally)

Several decisions, however, have applied sections of the AEDPA retroactively. For example, in *Cowan v. Artuz,* 95 Civ. 9967, 1996 WL 631726 at *4–5 (S.D.N.Y. Oct.24, 1996), Judge Patterson applied § 2254(b)(2) retroactively to allow review (and denial) of a mixed petition on the merits. Judge Patterson, however, applied the pre-amendment standards for granting a writ to Cowan's petition. *Id.* at *4. *See also, e.g., Ayala v. Speckard,* 89 F.3d 91, 96–97 (2d Cir.1996)

(assumes without deciding that the AEDPA applies retroactively); *Reyes v. Keane,* 90 F.3d 676, 679–80 (2d Cir.1996) (certificate of appealability provision of AEDPA applies retroactively).

The Court in this case need not determine whether § 2254(b)(2) applies retroactively. *Compare Kelly v. Keane,* 1996 WL 640892 at *2 n. 1 (§ 2254(b) of AEDPA does not apply retroactively), *with Cowan v. Artuz,* 1996 WL 631726 at *4–5 (§ 2254(b) applies retroactively). Even if § 2254(b) were to be applied retroactively, it merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2), as amended. The Court in this case declines to exercise its discretion to hear petitioner Walker's unexhausted claims on the merits.

The Court agrees with the similar decision in *Duarte v. Hershberger,* 947 F.Supp. 146 (D.N.J.1996), where the Court explained:

Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254(c) [sic; § 2254(b)]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.

By refusing to exercise the discretion provided under section 2254(c) [sic; § 2254(b)], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose,* 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as

this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level.

*Duarte v. Hershberger,* 947 F.Supp. at 150.

The Court here need not decide under what circumstances it would be more appropriate to consider the merits of unexhausted claims pursuant to § 2254(b). Suffice it to say that in this case, where the bulk of petitioner Walker's claims are not exhausted (and where the retroactive application of § 2254(b) is still undecided by the Second Circuit and the Supreme Court), the Court believes it appropriate to decline to exercise its discretion to decide the petition on the merits.

The Court notes that petitioner Walker should not be heard to complain about the Court's decision. Under the AEDPA, the only way this Court can reach the merits as to unexhausted claims is to deny them. Indeed, although the Court need not decide the issue, it appears that in a mixed petition context, the Court can reach the merits of the unexhausted claims only if it denies on the merits the entire petition, including the exhausted claims. See 28 U.S.C. § 2254(b)(2) as amended ("*An application for a writ of habeas corpus may be denied* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (emphasis added).

### C. *Walker's Petition Is A Mixed Petition*

#### 1. *Claim 1: Walker's Waiver of the Right to Counsel During Police Interrogation*

■ Petitioner raised this claim on his direct appeal to the First Department, which denied the claim on the merits. *People v. Walker,* 181 A.D.2d at 636, 582 N.Y.S.2d at

108. This claim therefore has been fully presented at the state level and is exhausted.

#### 2. *Claim 2: Proof of Walker's Guilt Beyond a Reasonable Doubt*

■ Petitioner Walker alleges that he was not proven guilty beyond a reasonable doubt. (Petition at pp. 5–12.) Walker did not raise this claim in his direct appeal to the First Department nor in his § 440.10 motion. (*See* App. A5–37, A88–133.) Walker thus has not exhausted this claim.[5]

#### 3. *Claim 3: Ineffective Assistance of Counsel*

■ Petitioner Walker did raise an ineffective assistance of counsel claim in his § 440.10 motion. (*See* App. A88–116.) His § 440.10 ineffective assistance claim, however, was limited to the claim that trial counsel failed to investigate the case and present an adequate defense (*e.g.,* App. A90–91) and that he failed to call Walker's co-defendant to testify as to the custodial nature of Walker's detention that lead to his statements to the police. (*e.g.,* A93–94.) The main thrust of Walker's § 440.10 ineffective assistance claim, however, was his challenge—directly and via ineffective assistance allegations—to the voluntariness of his statements to the police. (*See generally* A88–133.)

Thus, Walker has never raised before the state courts his current habeas ineffective assistance allegations that trial counsel failed to: (a) interview or call witnesses (except as to co-defendant Collozo);, (b) prevent the ADA from prosecuting the case; (c) effectively cross-examine witnesses; (d) pursue a *Rosario* violation; (e) present the facts as to an affirmative defense; (f) object and request curative and additional jury instructions; and (g) file a notice of appeal. (*Compare* Petition, unnumbered pages after p. 12, *with* § 440.10 papers, A88–133.) Walker only raised, in part, the ineffective assistance/failure to call claim, limited to co-defendant Collozo. Thus, virtually all of his ineffective

---

5. The State argues that this claim is procedurally barred because Walker failed to raise it on direct appeal, and the claim is not subject to collateral state review because it could have been raised on direct appeal but was not. (State Br. at 10.)

The Court need not decide whether the State is correct because, even if it is, Walker's ineffective assistance of counsel claims were not exhausted in state court and thus the petition still would be a "mixed" petition.

assistance of counsel claims remain unexhausted.[6] *See, e.g., Rodriguez v. Hoke,* 928 F.2d 534, 538 (2d Cir.1991) (petitioner exhausted only two out of five ineffective assistance of counsel claims); *Barrow v. Sullivan,* 85 Civ. 7307, 1986 WL 14303 at *2 (S.D.N.Y. Dec.5, 1986) (where ineffective assistance claim raised in habeas petition is different from ineffective assistance claim before state courts, it is not exhausted)

### CONCLUSION

Petitioner Walker has not exhausted two of the three habeas claims presented: that he was not proven guilty beyond a reasonable doubt and that his counsel was ineffective. Accordingly, without reaching the merits of any of his claims, I recommend that the Court dismiss his habeas petition without prejudice for failure to exhaust his state court remedies. If, in response to this Report and Recommendation, Walker files a notice dropping his unexhausted claims, the Court will be able to decide his remaining habeas claims on the merits. (Petitioner Walker is reminded that there are consequences to dropping the unexhausted claims. See fn. 4, above.)

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lawrence M. McKenna, 500 Pearl Street, Room 1640, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge McKenna. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension*

*Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

---

**6.** The State claims that Walker's ineffective assistance claim "may" be procedurally barred since he did not raise it in his first § 440.10 motion. (State Br. at 26; *see also id.* at 31: ineffective assistance claims "are most likely procedurally barred."). The Court believes any uncertainty as to this is best resolved by allowing the state courts to decide the claim first.