■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CROSS, Appellant. [695 NYS2d 3] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered April 15, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 years and $4^{1}/_{2}$ to 9 years, respectively, unanimously affirmed.

Defendant's motion to withdraw his guilty plea was properly denied, after defendant received ample opportunity to be heard, since the record establishes that defendant's plea was knowing

and voluntary (*People v Jamison*, 251 AD2d 271, *lv denied* 92 NY2d 899). Defendant's attacks on counsel's conduct and counsel's response thereto did not create a conflict of interest necessitating the substitution of counsel (*People v Reyes*, 240 AD2d 160, *lv denied* 90 NY2d 909). Defendant's claim of inadequate preparation by counsel was conclusory, and the conduct challenged in defendant's routine attorney-coercion claim amounted to nothing more than the attorney's fulfillment of his obligation to render appropriate advice concerning the strength of the prosecution's case (*see, People v Spinks*, 227 AD2d 310, *lv denied* 88 NY2d 995; *see also, Boria v Keane*, 90 F3d 36). Therefore, these attacks on counsel did not rise to the level at which substitution of counsel was required. Furthermore, the totality of the record establishes that counsel's statements in response to inquiries from the court did not result in counsel's becoming a witness against his client, but merely detailed the preparatory steps taken by him (*see, People v Smith*, 253 AD2d 668, *lv denied* 92 NY2d 986). Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.