■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC PHIPPS, Appellant. [711 NYS2d 2] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered July 16, 1998, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

After sufficient inquiry and after affording defendant an ample opportunity to be heard, the court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (see, People v Frederick, 45 NY2d 520). The record establishes that defendant's plea was knowing and voluntary and that he specifically waived the defense of agency. The record further establishes that counsel provided defendant with sound advice that an agency defense would be unavailing. In the factual portion of his plea allocution, defendant admitted to deliberately keeping for himself half of the buy money given to him by the undercover officer, a total stranger. Defendant's primary purpose in promoting the transaction was clearly to

benefit himself, and the benefit he received was not incidental (*see, People v Lam Lek Chong*, 45 NY2d 64, 75, *cert denied* 439 US 935). The limited colloquy between the court and counsel did not create a conflict of interest requiring assignment of new counsel (*see, People v Cross*, 262 AD2d 223, *lv denied* 94 NY2d 902; *People v Smith*, 253 AD2d 668, *lv denied* 92 NY2d 986). Concur—Ellerin, J. P., Rubin, Saxe and Buckley, JJ.