**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LUIS RAUL ARREOLA LOPEZ,

Petitioner - Appellant,

v.

JOE ORTIZ (Department of
Corrections); JIM KEITH (Bent
County Correctional Facility);
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 04-1353

(D.C. No. 03-D-111 (CBS))

(D. Colorado)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Applicant Luis Raul Arreola Lopez pleaded guilty to one count of second-degree kidnapping in Colorado state court. He then filed a postconviction motion in Colorado state district court alleging an involuntary plea of guilty and ineffective assistance of counsel. After an evidentiary hearing, the court denied relief. The Colorado Court of Appeals affirmed. Applicant then filed an application under 28 U.S.C. § 2254 in federal district court, contending that his counsel was ineffective and that he did not enter his guilty plea knowingly and voluntarily because he did not understand the sentence he would receive in

exchange for his plea, he did not understand his interpreter, and his counsel did not adequately advise him as to the consequences of his plea. The district court denied relief and denied a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A) (providing that a § 2254 applicant may not appeal in the absence of a COA). Applicant renewed his *pro se* COA application to this court, *see id.* at § 2253(c)(1), and filed a motion to proceed *in forma pauperis* (IFP). We deny the application for a COA and the IFP motion.

## I. **BACKGROUND**

Applicant, a Mexican national, was originally charged with second-degree kidnapping, menacing, and third-degree assault. On the day set for trial, the parties indicated that they had reached an agreement. The Applicant would plead guilty to the kidnapping charge in exchange for dismissal of the other charges. Counsel, however, discovered that they disagreed about the minimum mandatory sentence on the kidnapping charge. The prosecutor said that the minimum sentence would be ten years, but defense counsel thought it would be six.

Because defense counsel had previously advised Applicant of a six-year minimum sentence, he asked for an opportunity to explain the matter to Applicant. The court recommended that they promptly proceed to trial instead, but both attorneys expressed the need for a delay of as much as a day to advise witnesses and obtain clothing for Applicant. During the recess the parties supplemented the

original plea agreement by agreeing to restrict the sentencing range to between eight and twelve years. The court then conducted a hearing on the plea in open court. Through an interpreter the court advised Applicant of his rights and questioned him regarding whether he understood the plea agreement and the sentencing range. Applicant responded affirmatively. Applicant also said that he had spoken with his attorney about the agreement, and that his attorney was "a good lawyer." R. Vol. IV at 11. He expressed his desire to enter the plea. The court accepted the plea and sentenced Applicant to ten years' imprisonment and five years' parole.

## II. **DISCUSSION**

To comport with due process, a defendant must enter a guilty plea knowingly, voluntarily, and with "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). *Accord Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996). The Colorado Court of Appeals rejected Applicant's claim that his plea was not knowing and voluntary. The court wrote:

> Although at one point in the providency hearing defense counsel expressed some confusion regarding the minimum sentence in the presumptive range, that confusion is irrelevant because the trial court clearly advised defendant of the parties' stipulation for an eight- to twelve-year sentence, and defendant indicated that he understood. . . .
>
> The record also supports the trial court's findings that defendant was fully advised and that he was able to understand all

-3-

aspects of the providency hearing. As the trial court noted when finding that defendant would have alerted the court if he had actually had difficulty understanding the interpreter, the transcript of the providency hearing shows that defendant knew how to ask the court a question. The transcript also indicates that the court provided additional explanation when defendant stated that he was not paying attention and again when defendant stated that he did not understand one of the court's questions.

R. Vol. I at 107-08. The court added that Applicant had stated at a prior proceeding that he had completed his G.E.D. in the United States.

As to the ineffective-assistance-of-counsel claim, the appellate court further noted that Applicant had "agreed in his testimony that it was his own suggestion on the eve of trial that a plea agreement be sought" and that the trial court had found that Applicant "was not prejudiced because he would have pleaded guilty irrespective of any alleged shortcoming of counsel." *Id.* at 108-09. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (to establish a claim of ineffective assistance "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we may not grant Applicant relief with respect to a claim adjudicated on the merits by the state court unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

-4-

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, factual determinations by a state court are presumed to be correct and the applicant has the burden of rebutting that presumption by clear and convincing evidence. *Id.* at § 2254(e)(1).

A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

The federal district court, applying the appropriate AEDPA standard of review, denied Applicant relief. That ruling was undoubtedly correct. We add only that Applicant's reliance on *Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996), *clarified on reh'g*, 90 F.3d 36 (2d Cir. 1996), is misplaced. Even if *Boria* were controlling precedent in our own circuit, it would not support Applicant's theory.

In that case the defendant rejected a plea offer that would limit his sentence to three years, went to trial, and was ultimately sentenced to a term of 20 years to life. Defense counsel never provided advice on whether to accept the offer. *Id.* at 494-95. *Boria* held that counsel has a duty to advise his client when his "best interests clearly require that a proffered plea bargain be accepted." *Id.* at 496. In contrast, Applicant approached his counsel about negotiating a plea and then accepted the plea offer.

We decline to address two matters not raised in district court: (1) Applicant's "Motion for Limited Remand to State District Court for Review of New Exonerating Evidence And [to] Comply With Exhaustion of Administrative Remedy Requirement Pursuant to [AEDPA]" and (2) his contention that the state court erred by not accepting an *Alford* plea. *See Walker v. Mather, (In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992). Because any reasonable jurist would agree that the district court ruled properly, we DENY Applicant's application for a COA and DISMISS the appeal. We DENY Applicant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge