141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin L. WHITE, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 97-35650.
D.C. No. CV-96-00886-JLW.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington John L. Weinberg, Magistrate Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State prisoner White appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 2253(a), and we affirm. The provisions of the Antiterrorism and Effective Death Penalty Act apply because White's petition was filed after April 24, 1996.
 
 
 3
 White initially contends that the district court erred in denying him an evidentiary hearing. An evidentiary hearing was unnecessary because White did not allege a factual dispute underlying his claims. See Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984).
 
 
 4
 White claims that the erroneous victim-aggressor jury instruction violated his due process rights. The district court did not issue a certificate of appealability on this claim, and we decline to do so as well. White never presented this issue as a federal claim to the state courts. See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).
 
 
 5
 White contends that he suffered ineffective assistance of counsel. The state court's determination that counsel's argument was trial strategy aimed at minimizing the damaging aspects of the case was not an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 6
 White's third claim is that the prosecutor engaged in misconduct. Although White presented this claim to the state courts as a federal claim, they addressed it only as a state law claim. We have jurisdiction to deny this arguably unexhausted claim under 28 U.S.C. § 2254(b)(2).
 
 
 7
 White's only evidence that the prosecutor presented perjured testimony is that the trial testimony of witnesses differed from their earlier written statements. This showing is insufficient to support a claim of knowing use of perjured testimony. United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993).
 
 
 8
 As to the prosecutor's attacks on defense witnesses' credibility during closing argument, we have held that "assertions regarding the relative believability of the state and defense witnesses were not representations of ... personal opinion, but inferences drawn from the evidence." Duckett v. Godinez, 67 F.3d 734, 742 (9th Cir.1995). Therefore, the prosecutor's argument did not amount to misconduct.
 
 
 9
 Finally, White raises a sufficiency of the evidence claim. However, White inexplicably does not contend that there was insufficient evidence to convict him; rather, he essentially reargues the victim-aggressor jury instruction issue, which we have already declined to review. Therefore, we decline to address this claim as well.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3