■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD PETTY, Appellant. [612 NYS2d 8] —Judgment, Supreme Court, New York County (Rena Uviller, J., at trial; Jay Gold, J., at hearing), rendered February 7, 1991, convicting defendant, after a jury trial, of two counts of murder in the second degree, one count of robbery in the first degree, and one count of burglary in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years to life, 25 years to life, 12½ to 25 years and 12½ to 25 years, respectively, unanimously affirmed.

Defendant was convicted of the brutal murder of an 84 year old woman, his former temporary employer, in her home. On numerous occasions prior to the murder, defendant had used

the victim's bank cards and access codes to withdraw funds from her bank accounts. Defendant was videotaped doing so on two occasions. After the murder, defendant again withdrew money from the victim's account. A patrol officer had ticketed defendant's car, which was double-parked at the approximate time of the burglary-murder, outside the victim's home. Many of the victim's financial and health records were recovered from defendant's apartment.

Defendant's contention that he was subjected to custodial interrogation before being advised of his *Miranda* rights and that his statement given to the police should have been suppressed is without merit. Defendant voluntarily responded to police entreaties and willingly went to the precinct. Initial questioning at the precinct was neither continuous nor coercive. Police testimony established that defendant at this time was not under arrest, and defendant acknowledged that he did not at this time believe himself to be in custody. Similarly, defendant voluntarily agreed to take a polygraph test, and did not believe that he was in custody even after he was informed that the test indicated that he had lied. No credible view of the evidence supports a contention that defendant reasonably believed himself to be in custody *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Centano,* 76 NY2d 837, *affg* 153 AD2d 494; *People v White,* 164 AD2d 413, 417, *affd* 79 NY2d 900). Whether or not police had sufficient probable cause to have arrested defendant during this period of time is irrelevant *(People v Rodney P.,* 21 NY2d 1, 6-9). The occasionally deceptive stratagems employed by police were not so fundamentally unfair as to have denied defendant due process *(People v Tarsia,* 50 NY2d 1, 11; *People v Torres,* 186 AD2d 466, 466-467, *lv denied* 81 NY2d 795). Nor do we find any error in police procedure after defendant was provided *Miranda* warnings.

Since defendant failed to seek postjudgment relief pursuant to CPL article 440, he has not presented us with an adequate record to review his claim of ineffective assistance of trial counsel *(People v Jones,* 55 NY2d 771, 773; *People v Perez,* 159 AD2d 219, *lv denied* 76 NY2d 740). On the present state of the record, we do not find that defendant's trial representation was incompetent.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Williams, JJ.