James W. GAYLOR, JR., Petitioner,

v.

E.L. HARRELSON, warden,
et al., Respondents.

Civil Action No. 4:96–CV–0205–HLM.

United States District Court,
N.D. Georgia.

April 3, 1997.

## ORDER

HAROLD L. MURPHY, District Judge.

This habeas corpus petition is before the Court on Respondents' Motion to Dismiss [8] and the Report and Recommendation of Magistrate Judge William W. Byington, Jr. [11].[1]

### I.  Background

■ On May 15, 1980, a jury sitting in Floyd County, Georgia, convicted Petitioner of murder.  Petitioner filed a direct appeal to the Georgia Supreme Court, which affirmed the conviction on June 17, 1981.  Petitioner has not filed a habeas petition in State court.  Petitioner's federal petition, filed pursuant to 28 U.S.C.A. § 2254 (1994), presents a "mixed" petition, that is, the petition includes claims that have, and have not, been exhausted in State court.  The Magistrate Judge, relying on the fact that the petition contains

---

1.  Petitioner has not filed an objection to the Magistrate's Report and Recommendation.

nonexhausted claims, recommends that the Court dismiss the petition without prejudice, pursuant to the 1996 revisions to § 2254(b)(1), to allow Petitioner an opportunity to exhaust his claims in State court.

## II. Discussion

In 1996, Congress enacted the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). Pub.L. No. 104–132, 110 Stat. 1214. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in State court. § 2254(b)(1)(A) & (c). The AEDPA also leaves undisturbed the holding in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that a "mixed" petition, containing both exhausted and nonexhausted claims, must be dismissed under the exhaustion requirement. 455 U.S. at 510, 102 S.Ct. at 1199.

■ The AEDPA, however, contains two significant changes. First, the AEDPA eliminates a district court's ability to infer a State's waiver of the exhaustion requirement from the State's failure to expressly invoke the exhaustion requirement.[2] § 2254(b)(3). Under the revised statute, a waiver can be found only if the State, through counsel, expressly waives the requirement. *Id.; Hernandez v. Johnson*, 108 F.3d 554, 564–65 (5th Cir.1997).

Second, the AEDPA confers upon a district court the discretion to deny a habeas petition on the merits, notwithstanding the petitioner's failure to exhaust the remedies available in State court. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which courts must consider habeas petitions containing nonexhausted claims.

In *Hoxsie v. Kerby*, the Tenth Circuit noted this confusion and observed that § 2254(b)(2), "standing alone, does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion." 108 F.3d 1239, 1243 (10th Cir.1997). *Hoxsie* then interpreted § 2254(b)(2) in conjunction with *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), in which the Court held that, "if [the court] is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts." 481 U.S. at 133, 107 S.Ct. at 1674. Thus, *Hoxsie* concluded that when habeas claims are without merit, the interests of comity and federalism—as well as the conservation of overburdened judicial resources—are better served if the federal court addresses the merits of the habeas petition regardless of the petitioner's failure to exhaust the claims in State court. *Hoxsie*, 108 F.3d at 1242–43.

■ This Court also is guided by the sound policies set forth in *Granberry:*

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served [if] ... the district court denies the habeas petition.[3]

481 U.S. at 134–35, 107 S.Ct. at 1675; *Atkins v. Singletary*, 965 F.2d 952, 957 (11th Cir.

---

**2.** In *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court held that, in certain circumstances, district courts can infer that the State, by failing to invoke the exhaustion requirement, waived the requirement.

**3.** The Court acknowledges that § 2254(b)(3) overrules *Granberry* to to the extent that the State no longer may be deemed to waive the exhaustion requirement. The passage quoted above, however, remains good law; indeed, the policies underlying this passage are directly incorporated within § 2254(b)(2).

1992) (applying *Granberry* ). When deciding whether the Court may deny a petition on the merits, pursuant to § 2254(b)(2), the test is whether it is "perfectly clear" that the petitioner has failed to state "even a colorable claim." *Granberry*, 481 U.S. at 134–35, 107 S.Ct. at 1675.

Although this interpretation requires the district court to review § 2254 petitions to determine whether they contain colorable claims, this review is not newly assigned to the district court. Rule 4 of the Supreme Court's rules governing § 2254 cases requires the district court promptly to examine a newly filed habeas petition and summarily deny the petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court reads § 2254(b)(2) as being consistent with Rule 4, in that § 2254(b)(2) provides statutory authority for the Court to deny frivolous habeas petitions regardless of whether the petitioner has exhausted his claims in State courts. *Cf. Granberry*, 481 U.S. at 135 n. 7, 107 S.Ct. at 1675 n. 7 ("the District Court's dismissal of a nonmeritorious petition under Rule 4 pretermits consideration of the issue of nonexhaustion"). Similarly, § 2254(b)(2) allows the Court to address nonexhausted habeas claims on the merits even if the State strenuously invokes the exhaustion doctrine pursuant to § 2254(b)(3)—although the sole possibility of denial on the merits hardly can be said to prejudice the State.

Section 2254(b)(2) thus creates the possibility that § 2254 petitions will undergo three stages of review by the courts. First, the federal court must examine the petition to determine if denial pursuant to § 2254(b)(2) is appropriate. If not, the petitioner is sent back to the State court for a second review of his claims. If the State court denies the petition, the petitioner may re-file in federal court, resulting in a third stage of review of the same habeas claims.

■ Consequently, the Court believes that the first stage of review, performed pursuant to § 2254(b)(2), initially requires only a cursory examination of the petitioner's claims. If this brief examination arouses the slightest suspicion that the claims have merit, dismissal without prejudice is appropriate to allow the State court an opportunity to consider the claims. If no such suspicion is aroused, the Court may proceed to perform the meticulous review necessary to determine if denial on the merits is appropriate.

From an efficiency standpoint, the State may assist the district court in deciding whether a meticulous review of the petitioner's claims is necessary at this first stage. An express waiver by the State of the exhaustion requirement, combined with an express statement that the petitioner lacks even a colorable claim, would strongly suggest that a meticulous review of the petition at the first stage is warranted, because denial on the merits by the district court may be appropriate. The State stands in a particularly advantageous position to make this suggestion, as in most cases the State already will have filed an Answer and familiarized itself with the facts and law underlying the petitioner's claims.

On the other hand, an express invocation of the exhaustion requirement would strongly suggest that only a cursory examination of the petitioner's claims is necessary, as the claims are inappropriate for denial pursuant to § 2254(b)(2). As noted by one commentator:

> These innovations enhance a state's ability to use the exhaustion doctrine to its advantage. In cases in which a state's attorney is confident that a claim lacks merit and thus is primarily concerned that the claim should be determined quickly, he can simply waive the usual rule that a prisoner must first take the claim to state court.

Larry W. Yakle, *A Primer of the New Habeas Corpus Statute*, 44 Buff. L.Rev. 381, 386 (1996). Of course, for the State's suggestion to have any value, the State must exercise its utmost discretion when invoking or waiving the exhaustion requirement; a statement that a habeas petition is frivolous, included as a matter of course, will have no value whatsoever.

In summary, the Court holds that § 2254(b)(2) confers upon the district court

the discretion[4] to deny a habeas petition on the merits, regardless of its conformity with, or the State's invocation of, the exhaustion requirement. Denial of a petition pursuant to § 2254(b)(2) is appropriate when it is "perfectly clear" that the petition fails to present "even a colorable claim." *See Walton v. Gilmore,* No. 96 C 2375, 1997 WL 51703, at *5 (N.D.Ill. Feb.4, 1997) (under amended § 2254(b)(2), a petitioner "need not be turned away on the technical ground of non-exhaustion if an examination on the merits might prevent the petitioner from making multiple (and fruitless) trips to federal court") (unpublished).

In the instant case, Petitioner seeks relief based on the alleged ineffective assistance of counsel both at the trial and appellate levels, and proposes 11 grounds to support this claim. Petitioner filed a 16–page brief to accompany his petition. Respondent filed an answer in accordance with the Rules Governing § 2254 Cases, and a Motion to Dismiss which argued only that Petitioner failed to exhaust his claims in State court. The Court's review of Petitioner's petition, without further evidence, does not allow a conclusion that the petition lacks even a colorable claim. Moreover, Respondent expressly has refused to waive the exhaustion requirement. The Court therefore concludes that denial of the petition on the merits pursuant to § 2254(b)(2) is inappropriate. Instead, because Petitioner has available remedies pursuant to State habeas corpus law, O.C.G.A. 9–14–42, the Court dismisses the petition without prejudice so that Petitioner may pursue relief at the state level on the nonexhausted claims. § 2254(b)(1).

## III. Conclusion

ACCORDINGLY, the Court **GRANTS** Respondent's Motion to Dismiss [8], and, to the extent it is consistent with this Order, **ADOPTS** the Report and Recommendation of the Magistrate Judge. Petitioner's case is **DISMISSED** without prejudice to allow Petitioner an opportunity to present his claims in State court. To the extent Petitioner's peti-

tion included a request for discovery, the request is **DENIED AS MOOT.**

IT IS SO ORDERED.

---

**4.** "As indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits." *Hamill v. Ferguson,* 937 F.Supp. 1517, 1523 n. 1 (D.Wyo.1996).