Ernest Y.S. LUM, Jr., Petitioner,

v.

Eric PENAROSA, Respondent.

No. CIV. 98–00087 DAE.

United States District Court,
D. Hawaii.

April 8, 1998.

Ernest Y.S. Lum, Jr., Aiea, HI, pro se.

Lisa M. Itomura, Office of Atty. Gen., State of Hawaii, Honolulu, HI, for Respondent.

## ORDER DENYING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

DAVID ALAN EZRA, District Judge.

Petitioner, a state prisoner presently incarcerated at Halawa Correctional Facility ("Halawa"), filed the instant petition for writ of habeas corpus on January 30, 1997. Petitioner also filed a motion for appointment of counsel. Respondent timely answered the Petition on March 18, 1998. After carefully reviewing the Petition, memorandum in support, and Respondent's answer, this Court now DENIES the Petition and also DENIES

Petitioner's motion for appointment of counsel.

## BACKGROUND

On September 12, 1991, Petitioner pleaded no contest to a reduced charge of Sexual Assault in the Second Degree and was sentenced to five years probation subject to certain conditions, including participation in the sex offender treatment program ("SOTP"). *See* Respondent's Exhibit B. On December 15, 1992, Petitioner's probation was revoked for failure to comply with its conditions and he was sentenced to a maximum indeterminate term of ten years incarceration. In April 1993, the Hawaii Paroling Authority ("HPA") set Petitioner's minimum term of imprisonment at two years, six months, and again recommended that Petitioner participate in the SOTP. On February 14, 1995, Petitioner was released on parole, again subject to certain conditions, including continuing treatment in the SOTP until clinically discharged. On September 27, 1996, Petitioner was arrested for violating the terms of his parole. On November 30, 1996, the HPA revoked Petitioner's parole for the balance of his maximum sentence and also extended his maximum sentence by the period during which his whereabouts were unknown.

On December 12, 1997, the HPA denied Petitioner's request for parole. The HPA recommended that Petitioner participate in substance abuse treatment and that a sex offender treatment reassessment be conducted prior to Petitioner's next hearing. Petitioner was informed that he would be rescheduled for parole consideration in February 1998. Petitioner did not appeal this decision in the state courts.

One-and-one-half months after the denial of his parole, on January 30, 1998, Petitioner filed this petition for writ of habeas corpus in the federal court. Petitioner alleges that the HPA improperly denied his request for pa-role and required him to repeat his SOTP assessment, based solely on his Hawaiian ancestry, in violation of the Equal Protection and Due Process Clauses of the United States Constitution.

## DISCUSSION

### I. 28 U.S.C. § 2254(b)(2)

Respondent argues that, notwithstanding Petitioner's obvious failure to exhaust his claims in the state court, this Court has jurisdiction to deny the Petition on its merits pursuant to 28 U.S.C. § 2254(b)(2).[1] Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Supreme Court required a federal court to dismiss any unexhausted petitions, on principles of comity and federalism. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Now, the federal courts have the discretion to deny unexhausted claims and petitions, although it is clear that the AEDPA does not require a court to do so. *See* 28 U.S.C. § 2254(b)(2).

The Ninth Circuit Court of Appeals has not yet specifically articulated a standard to guide the district courts in determining when to exercise this discretion.[2] However, the Supreme Court has stated, prior to the enactment of the AEDPA, that a habeas petition which fails to raise even a colorable claim for relief may be dismissed without regard to exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 135 & n. 7, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1197–98 (9th Cir.1983).

In *Hoxsie v. Kerby*, 108 F.3d 1239 (10th Cir.1997) the Tenth Circuit determined that § 2254(b)(2) simply codified *Granberry's* holding, and thus, adopted *Granberry's* standard. 108 F.3d 1239, 1243 (10th Cir.1997). The *Hoxsie* court relied on *Granberry's* reasoning that when a petition has no merit, " 'a belated application of the exhaustion rule

---

1. 28 U.S.C. § 2254(b)(2) states:
 > An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

2. However, in a recent unpublished decision the Ninth Circuit has addressed the merits of a peti-

tioner's unexhausted claim, and after a review of the law and underlying facts, denied the claim. *See White v. Wood*, 1998 WL 121580 (9th Cir. March 13, 1998). Of course, pursuant to Ninth Circuit Rule 36–3, this case is not precedential, and cannot be cited for that purpose.

might simply require useless litigation in the state courts,' " and thus, turned to the merits of *Hoxsie's* unexhausted claims. *Id.* This Court agrees with the Tenth Circuit's sound analysis, that when a habeas petition is clearly without merit, the interests of comity and federalism, which underpin the exhaustion doctrine, are better served if the federal court addresses the merits pursuant to § 2254(b)(2), rather than sending the petitioner back to the state courts on a futile quest to exhaust ultimately meritless claims. *See also Gaylor v. Harrelson,* 962 F.Supp. 1498, 1500 (N.D.Ga.1997) (holding that § 2254(b)(2) grants the court discretion to deny habeas petition on the merits regardless of the petition's "conformity with, or the State's invocation of, the exhaustion requirement"); *U.S. ex rel. Walton v. Gilmore,* No. 96 C 2375, 1997 WL 51703, at *5 (N.D.Ill. Feb. 4, 1997). Accordingly, this Court holds that pursuant to § 2254(b)(2), denial of a habeas petition is appropriate when it is "perfectly clear" that the petition fails to state "even a colorable claim." *Id.* at 1501.

### A. *Petitioner's Legal Claims*

 The treatment of inmates is governed by the Equal Protection Clause of the Fourteenth Amendment. *See Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *see also Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In order to prevail on an equal protection claim, a plaintiff must show that similarly-situated classes received different treatment. *See Christian Gospel Church v. City and County of San Francisco,* 896 F.2d 1221, 1225 (9th Cir.1990). Therefore, "[a]n equal protection argument requires the existence of at least two classifications of persons which are treated differently under the law." *Id.,* (quoting *United States v. Horton,* 601 F.2d 319, 323-4 (7th Cir.1979)). Furthermore, to establish a violation of the Equal Protection Clause based upon allegations of racial discrimination, a prisoner must establish evidence that the defendants acted with discriminatory intent. *See Washington*

*v. Davis,* 426 U.S. 229, 239–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *McCleskey v. Kemp,* 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) (holding that "exceptionally clear proof" of statistical disparity is needed where discretionary judgment is at issue).

In *United States v. Armstrong,* a selective prosecution case, the Supreme Court held that studies proffered by the respondents, which failed to identify similarly situated, non-Black individuals who were *not* prosecuted under the same situation as in the respondents prosecutions, were insufficient to show discriminatory intent. 517 U.S. 456, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996). The Court explained that to establish discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not similarly treated. *Id.* 116 S.Ct. at 1487.

Petitioner claims that he was denied parole in violation of the Equal Protection Clause of the United States Constitution because he is classified by the HPA as Hawaiian. In support of this argument, Petitioner directs the court to a 1995 legislative resolution from the Hawaii House of Representatives ("House resolution No. 218, presented March 15, 1995 to the Hawaii House of Representatives of the 18th Legislature (1995)"), which he alleges states that native Hawaiians are incarcerated at a rate twice their proportion in the state population, that native Hawaiians represent the largest number of incarcerated persons in state prisons, and that this "over-representation increases after the point of arrest as Native Hawaiians move through the system."[3] Petition at 8–9. Petitioner conclusorily asserts that this "disparity" gives evidence of "state-sponsored U.S. Constitutional violations" against native Hawaiians in general, and presumably, Petitioner in particular. *Id.* at 9.

Petitioner also claims that the HPA discriminated against him because of his Hawaiian ancestry, by requiring him to "repeat psychosexual evaluation after he successfully

---

3. This Court was unable to locate this document, despite an exhaustive search, and Petitioner did not provide a copy of the "resolution." The Court did find several state resolutions and bills which state that, based upon research conducted by the University of Hawaii's Social Science Re-

search Institute, a disproportionate number of native Hawaiian youths are arrested, charged, convicted, sentenced, or incarcerated under Hawaii's criminal laws. *See e.g.,* H.B. No.1942, 19th Leg., (Hawaii 1997).

completed the required sexual offender treatment program without relapse." *Id.* Petitioner states that this repetition is only required of native Hawaiian inmates, solely to deny them equal protection of the law. Petitioner offers no other statistical "proof" of his charges. He does not direct the court to any non-Hawaiian's, similarly situated to him, who were released on parole, or to other similarly situated native Hawaiian inmates who were also denied parole.

Respondent presents clear evidence refuting Petitioner's claims. After a hearing comporting with all requirements of due process, Petitioner's parole was revoked in 1996 because he had violated its terms and conditions. Specifically, while on parole, Petitioner's urinalysis examination confirmed positive for cocaine. *See* Respondent's Exhibit H. Petitioner also failed to follow the SOTP's rules and regulations, by violating curfew several times, and by failing to participate in the program until clinically terminated. *Id.* Petitioner also refused to submit to drug/alcohol testing several times, and to maintain contact with his parole officer. Petitioner pleaded guilty to all of these infractions. Based upon Petitioner's guilty plea, the HPA lawfully revoked Petitioner's parole for the balance of his sentence, enhanced by the period Petitioner was unavailable, until November 2, 2003.

One year later, at Petitioner's December 12, 1997 parole hearing, the HPA denied Petitioner's parole until he successfully completes substance abuse treatment. The HPA also recommended that Petitioner be reevaluated for SOTP treatment, as Petitioner has not, to date, successfully completed the program, despite his assertions to the contrary. *See* Respondent's Exhibit I; *see also* Respondent's Exhibits C & D (Petitioner's probation REVOKED in 1992 for failure to complete SOTP); Respondent's Exhibits G & H (Petitioner's 1996 parole revocation due in part to failure to successfully complete SOTP).

Based upon the unrefuted record before this Court, Petitioner has failed to establish a colorable claim that he was denied parole in violation of the United States Constitution. He has produced no direct or competent circumstantial statistical evidence supporting such a claim. He has pointed to no other similarly situated inmate, or class of inmates who have been differently treated. He has presented no evidence of Respondent's discriminatory intent. He has also failed to establish that he was discriminatorily required to repeat SOTP treatment. As such, there has been no Equal Protection violation. Moreover, absent an Equal Protection claim Petitioner has no liberty interest in being released on parole, which renders Petitioner's Due Process argument meritless. *See Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Accordingly, the petition is DENIED with prejudice pursuant 28 U.S.C. § 2254(b)(2).

## II. Petitioner's Failure to Exhaust State Remedies

It is also clear that Petitioner has failed to exhaust his claims through adequate and available state judicial remedies. Petitioner's parole application was denied in December 1997. One-and-one-half months later Petitioner filed this petition. Pursuant to the Hawaii Rules of Penal Procedure, Rule 40(a)(2),[4] Petitioner could have appealed the HPA's decision. He did not.

A petition for writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Calderon v. United States District Court for the Eastern District of California,* 107 F.3d 756, 759 (9th Cir.1997). An applicant shall not be deemed to have exhausted state court remedies if he has the right under

---

**4.** Rule 40(a)(2) states:

From Custody. Any person may seek relief under the procedure set forth in this rule from custody based upon a judgment of conviction, on the following grounds:

(i) that the sentence was fully served;
(ii) that parole or probation was unlawfully revoked; or
(iii) any other ground making the custody, though not the judgment, illegal.

the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). The petitioner must exhaust available state remedies as to every claim raised in the habeas petition. *See Calderon,* 107 F.3d at 759 (citing *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The presence of unexhausted claims in a petition warrants its dismissal. *See Rose,* 455 U.S. at 513–20; *Gordon,* 107 F.3d at 756; *see also James v. Borg,* 24 F.3d 20, 24 (9th Cir.1994).

Petitioner presents no exceptional circumstances which excuse his circumvention of the state court system. Accordingly, this Court also finds that the Petition is unexhausted.

### CONCLUSION

For the reasons stated above, this Court DENIES the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(b)(2). This court also finds that Petitioner has failed to exhaust state remedies. Based upon the foregoing, Petitioner's motion for appointment is DENIED.

IT IS SO ORDERED.