■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG THORNTON, Appellant. [671 NYS2d 654] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered October 17, 1994, convicting him, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Since defendant has not raised his claim of ineffective assistance in a CPL article 440 motion, the record is insufficient to review strategic explanations for counsel's conduct of the trial and failure to pursue an entrapment defense (see, People v Love, 57 NY2d 998; People v Fuentes, 246 AD2d 474). A review of the existing record indicates that defendant received adequate representation (see, People v Hobot, 84 NY2d 1021; People v Baldi, 54 NY2d 137; cf., People v Brown, 82 NY2d 869). Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MARQUEZ, Appellant. [672 NYS2d 692] —Judgments, Supreme Court, New York County (Franklin Weissberg, J.), rendered April 15, 1997, convicting defendant, upon his pleas of guilty, of attempted enterprise corruption and promoting gambling in the first degree, and sentencing him to a term of 5 years probation and a 3-year period of conditional discharge, unanimously affirmed.

Defendant's motion to withdraw his pleas was properly denied. The original sentence agreement provided for 5 years probation, the first 90 days to be served in jail. Although that sentence would have been illegal, the court took proper curative action by eliminating the 90-day jail term and thereafter imposing a lawful sentence of probation only (see, Matter of Kisloff v Covington, 73 NY2d 445; People v Monereau, 181 AD2d 918, lv denied 79 NY2d 1052). Since the sentence was no more severe, and indeed was clearly less harsh, than that promised, defendant was not entitled to withdraw his pleas. The confusion, if any, over the original sentence cannot be said to have created such an ambiguity that the voluntariness of the pleas is called into doubt. Defendant's remaining contentions are without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.