**39** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ARROYO, Appellant. [678 NYS2d 722] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 17, 1992, convicting defendant, after a jury trial, of attempted murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 8¹/₃ to 25 years and 5 to 15 years on the attempted murder and conspiracy convictions, respectively, and to a concurrent term of 5 to 15 years on the weapon convictions, unanimously affirmed.

We find that there was ample evidence corroborating the accomplice testimony (*see, People v Breland*, 83 NY2d 286, 292-294). The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Defendant's motion to suppress identification testimony was properly denied. The lineup, at which the victim identified defendant as the driver of the vehicle used in the shooting, was not impermissibly suggestive where the participants were suf-

ficiently similar (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). There is no support in the record for any of defendant's claims concerning an alleged violation of his right to counsel at the lineup.

The totality of the record fails to support defendant's claim that the court excessively interjected itself into the trial or conveyed an appearance of bias. Defendant, by failing to make a CPL 440.10 motion alleging ineffective assistance of trial counsel, has not provided an adequate record upon which to review his claim (*People v Rivera*, 71 NY2d 705, 709). On the existing record, we find that defendant received effective assistance (*People v Baldi*, 54 NY2d 137).

The imposition of consecutive sentences for the conspiracy and attempted murder convictions was lawful because conspiracy is a separate offense from the crime that is the object of the conspiracy (*People v Krasnewicz*, 116 AD2d 1016; *People v Cordoba*, 208 AD2d 420, *lv denied* 84 NY2d 1010). We do not perceive an abuse of sentencing discretion.

Defendant's remaining claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.