■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY KNOWLES, Also Known as KELSAU KNOWLES, Appellant. [678 NYS2d 893] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered December 11, 1996, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 7 to 21 years, unanimously affirmed.

Defendant's waiver of his right to appeal encompassed the instant sentence claim and was entered into knowingly, intelligently and voluntarily (*see, People v Seaberg*, 74 NY2d 1). The waiver thus precludes our interest of justice review (*see, People v Graham*, 220 AD2d 215, *lv denied* 87 NY2d 1019). In any event, we perceive no abuse of sentencing discretion. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FIGUEROA, Appellant. [679 NYS2d 304] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J., at suppression hearing; Phylis Skloot Bamberger, J., at jury trial and sentence), rendered November 23, 1994, convicting defendant of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, and order, same court and Justice, entered on or about June 26, 1996, which denied defendant's motion to vacate judgment, unanimously affirmed.

Since defendant failed to raise his contention of ineffective assistance of counsel in his motion to vacate the judgment of conviction pursuant to CPL 440.10, the claim is not reviewable on direct appeal since it is based on facts dehors the record and trial counsel has had no opportunity to explain her trial tactics (*People v Love*, 57 NY2d 998). This is not the rare case where it might be possible from the trial record alone, without the benefit of a complete record adduced through a CPL 440.10 motion, to reject all legitimate explanations for counsel's failure to pursue a colorable suppression issue (*People v Rivera*, 71 NY2d 705, 709). To the extent that the existing record permits review, we find that defendant received meaningful representation (*see, People v Hobot*, 84 NY2d 1021, 1024). Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.