Richard **OTERO**, Petitioner,

v.

James **STINSON**, Superintendent, Great Meadow Correctional Facility, Respondent.

No. 97 Civ.2794(HB)(AJP).

United States District Court, S.D. New York.

April 27, 1999.

Richard Otero, Stormville, NY, pro se.

Alan Gadlin, Asst. District Attorney, New York City, for Respondent.

### *ORDER*

BAER, District Judge.

I referred this habeas corpus petition to Magistrate Judge Peck on October 28, 1998. On March 19, 1999, Judge Peck issued a Report and Recommendation which recommended that petitioner's request for habeas relief be dismissed without prejudice as a mixed petition.

The Report and Recommendation advised the parties of their obligation to file timely objections under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), 6(a),

6(e). On April 2, 1999, I granted the petitioner's request to extend until June 1, 1999 the date by which he must file his objections, if any. By letter dated April 16, 1999, however, the petitioner indicated to the Court his decision not to file any objections.[1]

I have found no clear error in the Report and Recommendation. Therefore, I adopt the Report and Recommendation in all respects and direct the Clerk of the Court to close this case.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

**To the Honorable Harold Baer, Jr., United States District Judge:**

Petitioner Richard Otero seeks a writ of habeas corpus alleging four grounds for relief: (1) violation of his Fifth Amendment privilege against self-incrimination when he was cross-examined at trial about his failure to inform the police of his trial explanation, and the trial court's instructions to the jury did not cure the error (Am.Pet.¶ 12(A)); (2) marshaling only evidence helpful to the prosecution about the show-up identification of Otero (Am.Pet. ¶ 12(B)); (3) ineffective assistance of trial counsel (Am.Pet. ¶ 12(C)); and (4) ineffective assistance of appellate counsel (Am. Pet.¶ 12(C)).

For the reasons set forth below, because Otero has failed to exhaust his ineffective assistance of trial counsel claim, I recommend that Otero's habeas petition be dismissed without prejudice as a mixed petition.

## PROCEDURAL BACKGROUND

On March 24, 1993, petitioner Otero was convicted, after a jury trial, in Supreme Court, New York County, of two counts of attempted murder in the first degree, three counts of attempted murder in the second degree, robbery, weapons possession and related counts. (Am.Pet.¶¶ 1–4.) Otero was sentenced to 20 years to life and a concurrent five to ten-year sentence. (Am.Pet. ¶ 3; *see also* Answer ¶ 2 & n. *.)

### Otero's Direct Appeal

Otero's direct appeal to the First Department raised the following issues: (1) improper cross-examination of Otero and a defense witness (Ex. A:[1] Otero 1st Dep't Br. at 26–35); (2) erroneous jury instruction about the identification of Otero in a show-up (*id.* at 35–38); (3) the second degree attempted murder convictions were redundant of the first degree attempted murder convictions (*id.* at 39); and (4) adoption of applicable arguments made by co-defendant Carlos Rivera.[2] (Ex. A: Otero's 1st Dep't Br. at 2, 3.) The First Department vacated the second degree attempted murder convictions and otherwise affirmed. *People v. Otero*, 225 A.D.2d 489, 489–90, 639 N.Y.S.2d 819, 820–21 (1st Dept. 1996). The Court of Appeals denied leave to appeal. *People v. Otero*, 88 N.Y.2d 968, 647 N.Y.S.2d 722, 670 N.E.2d 1354 (1996).

---

1. In his letter, petitioner requested that "the standards as set forth in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), be applied as to the instant matter." The Supreme Court in *Haines* held that a prisoner's general allegations of physical injuries suffered while in disciplinary confinement and the denial of due process in the steps leading to that confinement state a cognizable claim under 42 U.S.C. § 1983 sufficient to withstand a Rule 12(b)(6) motion to dismiss. 404 U.S. at 520, 92 S.Ct. 594. Although I fail to see how *Haines* applies to the

instant case, the petitioner's request on this score is granted.

1. References to "Ex." are to the State's Appendix of Exhibits; references to "Answer Ex." are to the exhibits to the State's Answer to Otero's Amended Petition.

2. There is no indication in the record as to what Rivera's arguments were (*see id.* at 40), but the Court assumes that they are not relevant to Otero's present habeas petition.

### Otero's First Federal Habeas Petition

Otero's original habeas petition, dated March 24, 1997 and received by the Court's Pro Se Office on April 4, 1997 (Pet. at pp. 2, 7), raised two claims: Otero's Fifth Amendment privilege claim (Pet. ¶ 12(A)), and erroneous show-up jury charge (Pet.¶ 12(B)). By letter dated October 24, 1997, Otero requested that he be allowed to withdraw his habeas corpus petition in order to raise a claim of ineffective assistance of appellate counsel in state court. (10/24/97 Otero letter; *see also* Answer ¶ 7.) By order dated December 3, 1997, Magistrate Judge Bernikow advised Otero that if he withdrew his petition, a later petition might be time barred, but granted Otero's application to withdraw his petition unless Otero informed the Court by December 26, 1997 that he did not wish to withdraw his petition. (*See* Dkt. No. 8: Bernikow ,12/3/97 Order; *see also* Answer ¶ 7.) Otero responded that rather than withdraw his petition, he be allowed to amend it to include an ineffective assistance of appellate counsel claim. (12/9/97 & 12/31/97 Otero Letters.) By Order dated July 10, 1998, Judge Bernikow denied Otero's request on the ground that such an amended petition would be subject to dismissal as a mixed petition since the ineffective assistance of appellate counsel claim was unexhausted. (Dkt. No. 11: Bernikow 7/10/98 Order.) However, Judge Bernikow allowed Otero to file an amended petition "despite the potential consequences," if he notified the Court by July 31, 1998. (*Id.; see also* Answer ¶ 7.)

### Otero's Coram Nobis Application to the First Department

Meanwhile, in October 1997, Otero filed a motion for a writ of error coram nobis in the First Department raising his ineffective assistance of appellate counsel claim. (Answer Ex. A: Otero 10/30/97 Coram Nobis Aff. ¶¶ 4(A) & 18–29.) Otero's coram nobis application also appears to have requested relief pursuant to N.Y. CPL § 440.10, claiming that his trial attorney was ineffective based on his failure to adequately investigate the facts surrounding his case (*id.* ¶ 1(C) & 8–13), although Otero also claimed appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness (*id.* ¶¶ 19, 21, 23, 25, 27, 29). In opposing Otero's coram nobis application, the State noted that "[i]f defendant thereby means now to challenge trial counsel's performance directly, his application must be rejected, for he can only make a motion to vacate judgment in the trial court." (Answer Ex. B: State 12/97 Coram Nobis Opp.Br. at 14 n. *, citing CPL § 440.10(1).) On March 26, 1998, the First Department denied Otero's coram nobis application "in its entirety," citing *People v. De La Hoz,* 131 A.D.2d 154, 158, 520 N.Y.S.2d 386, 388 (1st Dept. 1987). (Answer Ex. D: 3/26/98 1st Dep't Order.) *People v. Otero,* 248 A.D.2d 1033, 671 N.Y.S.2d 575 (1st Dept. 1998) (table). The *De La Hoz* decision cited by the First Department dealt only with ineffective assistance of appellate counsel.

### Otero's Current Amended Habeas Petition

Otero's current amended federal habeas petition is dated April 30, 1998 and was received by the Court's Pro Se Office on May 6, 1998. (Am.Pet. at pp. 2, 7.) Otero's amended petition raised the claims in the original habeas petition (Am.Pet.¶¶ 12(A)–(B)), and added claims of ineffective assistance of trial and appellate counsel (Am. Pet.¶ 12(C)).

### ANALYSIS

### I. OTERO'S CURRENT HABEAS PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE AS A "MIXED" PETITION BECAUSE HIS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM IS UNEXHAUSTED

#### A. Otero Failed to Raise His Ineffective Assistance of Trial Counsel Claim Through a CPL § 440.10 Collateral Attack in the Trial Court

Otero did not exhaust his ineffective assistance of trial counsel claim in

state court. In his petition, Otero alleges that his trial counsel was ineffective because of his attorney's failure "to adequately investigate the facts," "research the law" and submit proper lesser included offense charges. (Am.Pet.¶ 12(C)(i)–(viii).) The New York Court of Appeals has stated that "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of [trial] counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10," since ineffectiveness of counsel is usually not demonstrable on the trial record. *People v. Brown*, 45 N.Y.2d 852, 853–54, 410 N.Y.S.2d 287, 287, 382 N.E.2d 1149 (1978); *see also, e.g., Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir.1994) (claim based on "a matter clearly outside of the trial record-allegations that his attorney conducted his defense under the influence of drugs" should be raised in a § 440.10 motion, which is the "preferred avenue for inadequate representation claims in New York"); *Redd v. Quinones*, 98 Civ. 2604, 1998 WL 702334, at *4 (S.D.N.Y. Oct.7, 1998); *Walker v. Miller*, 959 F.Supp. 638, 643–44 (S.D.N.Y.1997) (McKenna, D.J. & Peck, M.J.) (finding that state court remedies were not exhausted where § 440.10 motion did not advance all of the ineffective assistance of trial counsel allegations raised in habeas petitions); *Ehinger v. Miller*, 928 F.Supp. 291, 294 (S.D.N.Y. 1996) (Mukasey, D.J. & Peck, M.J.) (A "coram nobis motion to the Appellate Division addresses errors at the appellate level, including ineffectiveness of appellate counsel, not trial errors.... Ineffective assistance of trial counsel motions, on the other hand, ordinarily are made by a CPL § 440.10 motion before the trial court, or direct appeal where trial counsel's alleged incompetence could be determined from the existing record."); *Mercado v. Senkowski*, 736 F.Supp. 28, 29 (E.D.N.Y.1990); *Walker v. Dalsheim*, 669 F.Supp. 68, 70 (S.D.N.Y.1987) ("The proper procedural vehicle under New York law for raising a claim of ineffective assistance of trial counsel is generally not a direct appeal but a motion to the trial court to vacate the judgment under New York Criminal Procedure Law Section 440.10. This is so because normally the appellate court has no basis upon which it would be able to consider the substance of such a claim until a record of the relevant facts has been made at the trial court level."); *United ed States ex rel. LaSalle v. Smith*, 632 F.Supp. 602, 603 (E.D.N.Y.1986); *People v. Rivera*, 71 N.Y.2d 705, 709, 530 N.Y.S.2d 52, 55, 525 N.E.2d 698 (1988); *People v. Love*, 57 N.Y.2d 998, 1000, 457 N.Y.S.2d 238, 239, 443 N.E.2d 486 (1982); *People v. Brown*, 28 N.Y.2d 282, 286–87, 321 N.Y.S.2d 573, 577, 270 N.E.2d 302 (1971); *People v. Rosa*, 682 N.Y.S.2d 845 (1st Dept. 1999) (ineffective assistance of trial counsel claim "would require expansion of the record by way of a CPL 440.10 motion"); *People v. Figueroa*, 254 A.D.2d 226, 679 N.Y.S.2d 304 (1st Dept. 1998) ("Since defendant failed to raise his contention of ineffective assistance of counsel in his motion to vacate the judgment of conviction pursuant to CPL 440.10, the claim is not reviewable on direct appeal since it is based on facts dehors the record and trial counsel has had no opportunity to explain her trial tactics."); *People v. Arroyo*, 254 A.D.2d 55, 678 N.Y.S.2d 722 (1st Dept. 1998) ("Defendant, by failing to make a CPL 440.10 motion alleging ineffective assistance of trial counsel, has not provided an adequate record upon which to review his claim."); *People v. Frias*, 250 A.D.2d 495, 673 N.Y.S.2d 416, 417 (1st Dept. 1998); *People v. Thornton*, 250 A.D.2d 398, 671 N.Y.S.2d 654 (1st Dep't 1998); *People v. Petty*, 204 A.D.2d 125, 612 N.Y.S.2d 8, 9 (1st Dept. 1994) ("Since defendant failed to seek post judgment relief pursuant to CPL Article 440, he has not presented us with an adequate record to review his claim of ineffective assistance of trial counsel."); *People v. Steele*, 135 A.D.2d 673, 673, 522 N.Y.S.2d 248, 249 (2d Dept. 1987) ("As we have previously held, the appropriate vehicle by which to obtain review of the defen-

dant's claim of ineffective assistance of counsel is through the commencement of a proceeding pursuant to CPL article 440."); *People v. Harris,* 109 A.D.2d 351, 360, 491 N.Y.S.2d 678, 687 (2d Dept. 1985).

The trial record here cannot reveal whether trial counsel failed to adequately investigate the facts. Otero's allegation are precisely the type of claim for which further evidentiary exploration by the trial court are necessary as the claim concerns events that occurred outside the trial record. *See* cases cited above.

■ While Otero claimed ineffective assistance of trial counsel in his coram nobis motion to the First Department,"a coram nobis motion to the Appellate Division addresses errors at the appellate level ... not trial errors." *Ehinger v. Miller,* 928 F.Supp. at 294; *see also, e.g., Camarano v. Irvin,* 902 F.Supp. 358, 365 (S.D.N.Y.1994) ("Under New York law 'an application for a writ of error coram nobis is not an appropriate vehicle' for claims that would properly be addressed to the trial court in a § 440.10 motion, including a claim of ineffective assistance of trial counsel like petitioner's here.") (quoting *Cortez v. Scully,* 717 F.Supp. 224, 226 (S.D.N.Y.1989)), *aff'd mem.,* 122 F.3d 1055 (2d Cir.1995); *People v. Gordon,* 183 A.D.2d 915, 915, 584 N.Y.S.2d 318, 318 (2d Dept. 1992) ("In a criminal action, the writ of error coram nobis lies in this court only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel."). CPL § 440.10 provides that "[a]t any time after the entry of a judgment, *the court in which it was entered* may, upon motion of the defendant, vacate such judgment ...."

N.Y. CPL § 440.10(1) (emphasis added). Otero's ineffective assistance of trial counsel motions should have been raised by a CPL § 440.10 collateral attack in the trial court. The claim, therefore, was not properly raised in state court and hence is not exhausted.

The State concedes that Otero "may well still have an available state remedy, for he may be able to make a CPL 440.10 motion premised on trial counsel's purported derelictions." (Answer ¶ 22.) Since Otero never filed a CPL § 440.10 motion in the trial court, that remedy should still be available to him.[3] Therefore, because Otero failed to properly raise this claim in a § 440.10 motion in the trial court, and he still may do so, his ineffective assistance of trial counsel claim is not exhausted.

**B. *Prior to the Antiterrorism and Effective Death Penalty Act, the Court was Required to Dismiss "Mixed" Petitions Containing Both Exhausted and Unexhausted Claims***

This section discusses the law as to "mixed" petitions in effect prior to the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus until the petitioner has exhausted the state remedies available to him. 28 U.S.C. § 2254(b).[4] While pre-amendment Section 2254 did not directly address the problem of "mixed" habeas petitions, that is, those containing both exhausted and unexhausted claims, the Supreme Court adopted a rule of total ex-

---

**3.** In any event, the "Court believes that any uncertainty as to this is best resolved by allowing the state courts to decide the claim first." *Walker v. Miller,* 959 F.Supp. at 644 n. 6.

**4.** Prior to amendment by the AEDPA, 28 U.S.C. § 2254(b) provided that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

haustion in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Supreme Court held: .

> Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.

*Id.* at 510, 102 S.Ct. at 1199.[5] The Supreme Court explained that the complete "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. at 518, 102 S.Ct. at 1203. "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. The Supreme Court further noted that the total exhaustion rule will not impair the prisoner's interest in obtaining speedy federal relief "since he can always amend the petition to delete the unexhausted claims." *Id.* at 520, 102 S.Ct. at 1204.[6]

The Second Circuit held, prior to the AEDPA, that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy*" *Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 125 (2d Cir.1995); *see, e.g., Cowans v. Artuz,* 14 F.Supp.2d 503, 505 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Diaz v. Coombe,* 97 Civ. 1621, 1997 WL 529608 at *2–3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.); *Johnson v. Scully,* 967

F.Supp. 113, 115 (S.D.N.Y.1997) (Rakoff, D.J. & Peck, M.J.); *Gibrino v. Attorney General,* 965 F.Supp. 489, 491 (S.D.N.Y. 1997) (Sprizzo, D.J. & Peck, M.J.); *Walker v. Miller,* 959 F.Supp. 638, 641 (S.D.N.Y. 1997) (McKenna, D.J. & Peck, M.J.); *Boyd v. Hawk,* 94 Civ. 7121, 1996 WL 406680 at *3 (S.D.N.Y. May 31, 1996) (Batts, D.J. & Peck, M.J.); *Ehinger v. Miller,* 928 F.Supp. 291, 293 (S.D.N.Y.1996) (Mukasey, D.J. & Peck, M.J.).

### C. *Effect of the AEDPA*

■ The AEDPA permits the Court to deny on the merits habeas petitions containing unexhausted claims. Thus, 28 U.S.C. § 2254 now states, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1)–(2) (1998).

Section 2254(b) merely gives the Court discretion to deny unexhausted petitions on the merits; it does not require the Court to determine unexhausted claims. *See* 28 U.S.C. § 2254(b)(2) (1998).

Section 2254(b)(2), however, "does not provide a standard for determining when a court should dismiss a petition on the merits rather than requiring complete exhaustion." *Lambert v. Blackwell,* 134 F.3d 506, 516 (3d Cir.1997); *accord, e.g., Hoxsie v.*

---

5. *Accord, e.g., Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 124 (2d Cir. 1995); *Grady v. LeFevre,* 846 F.2d 862, 864 (2d Cir.1988); *Petrucelli v. Coombe,* 735 F.2d 684, 687 (2d Cir.1984).

6. However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521, 102 S.Ct. at 1205.

*Kerby,* 108 F.3d 1239, 1243 (10th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 126, 139 L.Ed.2d 77 (1997); *Redd v. Quinones,* 98 Civ. 2604, 1998 WL 702334 at *3 n. 3 (S.D.N.Y. Oct.7, 1998); *Lum v. Penarosa,* 2 F.Supp.2d 1291, 1292–93 (D.Haw.1998); *Cowans v. Artuz,* 14 F.Supp.2d 503, 506 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Benitez v. Senkowski,* 97 Civ. 7819, 1998 WL 265245 at *3 (S.D.N.Y. May 19, 1998) (Cote, D.J. & Peck, M.J.); *Gaylor v. Harrelson,* 962 F.Supp. 1498, 1499 (N.D.Ga. April 3, 1997). Neither the Supreme Court nor the Second Circuit has established what standard a district court should use to determine when to dismiss a petition on the merits rather than requiring complete exhaustion.

The Court agrees with the decision in *Duarte v. Hershberger,* 947 F.Supp. 146 (D.N.J.1996), where the court explained:

> Pursuant to the 1996 AEDPA amendments, however, the Court may exercise discretion to hear and deny petitioner's non-exhausted claim; the total exhaustion rule is no longer binding. *See* 28 U.S.C. § 2254 [sic; § 2254(b) ]. The Court, however, declines to exercise the discretion to hear and dismiss petitioner's application in this case.
>
> By refusing to exercise the discretion provided under section 2254 [sic; § 2254(b) ], this Court endorses the rationale of the "total exhaustion rule" and continues to furnish state appellate courts the initial opportunity to correct trial court decisions. Moreover, the refusal to exercise discretion here does not conflict with the intent of Congress. In fact, enforcing the "total exhaustion rule" in this context will "encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Rose,* 455 U.S. at 520, 102 S.Ct. at 1204. This will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts. *Id.*

Finally, the Court notes that applying the "total exhaustion rule" in cases such as this one does not unduly prejudice petitioners. Those who misunderstand the requirement and submit unacceptable "mixed petitions" may resubmit their application pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level. *Duarte v. Hershberger,* 947 F.Supp. at 150; accord, e.g., *Cowans v. Artuz,* 14 F.Supp.2d at 506; *Fennell v. Artuz,* 14 F.Supp.2d 374, 379 (S.D.N.Y.1998) (Preska, D.J. & Peck, M.J.); *Benitez v. Senkowski,* 1998 WL 265245 at *3–4; *Diaz v. Coombe,* 1997 WL 529608 at *4; *Johnson v. Scully,* 967 F.Supp. at 116; *Fluellen v. Walker,* 975 F.Supp. 565, 568 (S.D.N.Y. 1997) (Wood, D.J. & Peck, M.J.); *Walker v. Miller,* 959 F.Supp. at 642. *Duarte* does not provide a standard, but makes clear that even under the AEDPA, the federal courts usually should defer to the state courts on unexhausted habeas claims.

The Court notes that several district judges in this Circuit have expressed the test as whether the unexhausted claim is "patently frivolous." *E.g., Youngblood v. Greiner,* 97 Civ. 3289, 1998 WL 720681 at *6 (S.D.N.Y. Oct.13, 1998); *Colon v. Johnson,* 19 F.Supp.2d 112, 120, 122 (S.D.N.Y. 1998); *Edkin v. Travis,* 969 F.Supp. 139, 142 n. 1 (W.D.N.Y.1997); *Rodriguez v. Miller,* 96 Civ. 4723, 1997 WL 599388 at *3 (S.D.N.Y. Sept.29, 1997); *Ojeda v. Artuz,* 96 Civ. 5900, 1997 WL 283398 at *3 n. 5 (S.D.N.Y. May 29, 1997); *see also, e.g., Cuadrado v. Stinson,* 992 F.Supp. 685, 687 (S.D.N.Y.1998) (it is perhaps appropriate for court to decide unexhausted claim on merits "where a petition was 'patently frivolous,' ... but this is not such a case. The Court believes that it is still the best policy to 'allow [ ] the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'"); *Brown v. Miller,* 97 Civ. 1874, 1998 WL 91081 at *2 (S.D.N.Y. March 3, 1998) (Sotomayor, D.J.) (same).[7]

---

7. Other courts, relying on the pre-AEDPA Supreme Court decision in *Granberry v. Greer,*

The Court here need not decide whether the "patently frivolous" or some other standard is appropriate to use to determine when to consider the merits of unexhausted claims pursuant to § 2254(b).[8] Suffice it to say that in this case, where it appears necessary for the trial court to conduct additional evidentiary exploration into Otero's unexhausted ineffective assistance of trial counsel claim, the Court believes it appropriate to decline to exercise its discretion to decide Otero's petition on the merits. This best comports with the rationale of *Rose v. Lundy* and *Duarte v. Hershberger*, discussed above.

The Court notes that petitioner Otero should not be heard to complain about the Court's decision as to his petition, since under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them. *See* 28 U.S.C. § 2254(b)(2) (1998) (*"An application for a writ of habeas corpus may be denied on the merits,* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").[9]

## CONCLUSION

For the reasons set forth above, the Court should dismiss Otero's federal habeas petition without prejudice, because he has failed to properly exhaust his ineffective assistance of trial counsel claim in the state court, unless Otero withdraws his ineffective assistance of trial counsel claim (*see* fn. 6 above).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P.

481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), express the test as whether " 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,' " in which case the Court should dismiss the unexhausted claim on the merits (or rather the clear lack thereof). *Lambert v. Blackwell*, 134 F.3d at 514–15; *see also, e.g., Gassaway v. Cody*, 132 F.3d 42 (table), 1997 WL 767560 at *2 & n. 1 (10th Cir. Dec.15, 1997) (the AEDPA codified *Granberry's* holding that the merits of an unexhausted claim can be reached where " 'the interests of comity and federalism will be better served by addressing the merits forthwith' "), *cert. denied*, — U.S. ——, 119 S.Ct. 813, 142 L.Ed.2d 672 (1999); *Hoxsie v. Kerby*, 108 F.3d at 1242–43; *Gaylor v. Harrelson*, 962 F.Supp. at 1500 ("the test is whether it is 'perfectly clear' that the petitioner has failed to state 'even a colorable claim.' . . . [This] requires only a cursory examination of the petitioner's claims. If this brief examination arouses the slightest suspicion that the claims have merit, dismissal without prejudice is appropriate to allow the State court an opportunity to consider the claims."); *Lum v. Penarosa*, 2 F.Supp.2d at 1293 ("This Court agrees with the Tenth Circuit's sound analysis, that when a habeas petition is clearly without merit, the interests of comity and federalism, which underpin the exhaustion doctrine, are better served if the federal court addresses the merits pursuant to § 2254(b)(2), rather than sending the petitioner back to the

state courts on a futile quest to exhaust ultimately meritless claims."); *United States ex rel. Walton v. Gilmore*, No. 96 C 2375, 1997 WL 51703 at *5 (N.D.Ill. Feb.4, 1997) (dismissal without prejudice granted where "nothing on the face of the petition suggests that [petitioner's] claims are frivolous").

8. Whatever the stated standard used by other decisions, the Court strongly suspects that the real standard being used by the federal courts is whether it is easier to dismiss as a mixed petition or easier to reach the merits of the unexhausted claim. Thus, for example, where the issue of whether the claim is exhausted is somewhat questionable, but the lack of the merit of the claim is easily shown, it may be more appropriate for the Court to reach the merits. *See, e.g., Cowans v. Artuz*, 14 F.Supp.2d at 507 n. 5; *Benitez v. Senkowski*, 1998 WL 265245 at *4 n. 5.

9. Obviously, the State cannot complain about the Court's decision, because it had the right under the AEDPA to expressly waive the complete exhaustion requirement, 28 U.S.C. § 2254(b)(3), but it did not do so (*see* Answer ¶¶ 11–15, seeking denial of the petition for failure to exhaust). *See, e.g., Benitez v. Senkowski*, 1998 WL 265245 at *5 n. 6; *Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D.Mich. 1997); *Gaylor v. Harrelson*, 962 F.Supp. at 1500–01.

6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, Jr., 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Baer. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15 (2d Cir.1989); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

March 19, 1999.